**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gloria Kim,<br><br>                                    Plaintiff,<br><br>          v.<br><br>Gogi1 Inc. dba Nubiani and Jun Ho Moon<br><br>                                    Defendants, | Civil Case No. 23-CV-8161<br><br><br>**COMPLAINT**<br><br><br>**Jury Demanded** |

Plaintiff, Gloria Kim ("Plaintiff" or "Ms. Kim"), by her attorneys, Ryan Kim Law, P.C.,

complaining of Defendants Gogi1 Inc. doing business as Nubiani Korean BBQ Restaurant

("Gogi 1"), and Jun Ho Moon ("Moon"), in his individual and official capacities,

(collectively "Defendants"), alleges as follows:

## INTRODUCTION

1.        This action seeks to remedy (1) the unlawful discrimination and retaliation directed

at Plaintiff on the bases of her disability, in violation of the Executive Law of the State of

New York, New York State Human Rights Law (the "Executive Law" or "NYSHRL"),

Section 296, et seq., and the Administrative Code of the City of New York, New York City

Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, et seq.

2.        Plaintiff also brings this action pursuant to the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision

of 29 U.S.C. § 216(b), and pursuant to the New York Labor Law Art. 6, §§ 190 et seq.

("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA

and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits.

3.      Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

4.      Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

**PARTIES**

5.      Plaintiff, a resident of the State of New Jersey, is a former employee of Gogi1 Inc. where she worked from May 23, 2022, until her termination on or about September 15, 2022

6.      Plaintiff is a covered employee within the meaning of the FLSA and NYLL, an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL.

7.      Defendant Gogi 1 is a privately held company in New York with a principal place of business at 315 5th Avenue, #3Fl, New York NY 10016.

8.      Defendant Gogi 1 is a covered employer that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL, and is an "employer" within the meaning of the NYSHRL and the NYCHRL because it has four (4) or more persons in its employ.

9.      At all relevant times herein, Defendant Moon was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

10.     In committing the wrongful conduct described in this action and obtaining the

benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the

defendants acted and operated interchangeably as principals, agents, instrumentalities

and/or alter egos of one or more of them and/or each other.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims

pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 29 U.S.C. § 216(b), and jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

12.     This Court also has diversity jurisdiction with respect to Plaintiff's claims pursuant

to 28 U.S.C. § 1332.

13.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and

costs, and the Plaintiff and Defendants are citizens of a foreign state and the state of New

York.

14.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the

FLSA that they form part of the same case or controversy under Article III of the United

States Constitution.

15.     Plaintiffs' claims involve matters of national or interstate interest.

16.     Defendant Gogi 1 is subject to personal jurisdiction in New York because, among

other things: (a) it is a New York corporation; (b) conducts business in New York; and (b)

maintains an office in New York.

17.     The individual Defendant Moon is also subject to personal jurisdiction in New

York because they work and/or reside in New York.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

20.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

21.     Plaintiff started working for Defendants in or about May 23, 2022, and remained an employee of Defendants until her unlawful termination on September 15, 2022.

### *Unpaid Overtime*

22.     For the period commencing on or about May 23, 2022, until September 15, 2022, Plaintiff Gloria Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of 9-10 hours per day and forty (40) hours per week.

23.     Plaintiff was hired as a sous chef for the defendant.

24.     Plaintiff began her work around 8:00 a.m. and ended between 6:00-7:00 p.m. for 5 days per week. She regularly worked more than 45 hours per week.

25.     She was paid a fixed salary of $1,000 in cash per week without overtime compensation or spread of hours pay.

26.     Plaintiff performed for Defendants the said hours work as an expressed condition of her continued employment.

27.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

28.     At no time during her employment with Defendants was Plaintiff paid over-time, or spread-of-hours.

29.     Plaintiff was never afforded a meal break during that period of time.

30.     Plaintiff was always paid in cash.

31.     Defendant Moon has the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the Gogi 1's operations, and to exercise control over Gogi 1's employees, like Plaintiff.

32.     Defendants are liable under the FLSA and NYLL, inter alia, for failing to properly compensate Plaintiff.

33.     Plaintiff has been a victim of a policy and plan perpetrated by Defendants that have violated her rights under the FLSA and the NYLL by denying her overtime wages, and spread-of-hours wages.

34.     At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

35.     As part of their ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint. This ongoing policy, pattern or practice includes, but is not limited to:

> a. Defendants failed to pay Plaintiff minimum wages, overtime for hours worked over forty in a workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at least four hours per day; and

b. Defendants failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

36.     Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly refusing and failing to pay employees for minimum wages and overtime hours in violation of the FLSA and the NYLL.

37.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent, and ongoing.

38.     Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

39.     Also, in addition to the other adverse actions described herein, Defendants' refusal to pay Plaintiff proper and just wages is yet another form of harassment, discrimination and retaliation.

### *Disability Discrimination and Harassment*

40.     During her entire employment period with Defendants, Plaintiff was discriminated against and harassed due to her disability.

41.     Plaintiff is deaf and cannot speak. She can read a speaker's lips to figure out what is being spoken but not to one hundred percent accurate level. She relies on sign language and writing to communicate with others.

42.     When Plaintiff was hired for Defendants, Moon knew from the start that Ms. Kim had a hearing and speech impairment.

43.     As a person with a speaking and hearing disability, it is hard to find and keep a job for the plaintiff. Since her job as a chef involved cooking, her disability did not impact her ability to do the job. But because she could not communicate with others verbally, plaintiff

was often at the receiving end of rudeness, disrespect, and being treated lightly, if not with annoyance. Defendants often implied that plaintiff was lucky to have her job and that other employers would not readily hire her.

44.     Because Plaintiff had the disabilities, although it had no impact on how well she cooked food, she made extra effort to work hard and be a good employee. She knew other employees talked about her behind her back, but she put up with it and treated it as part of cost of being a disabled worker. However, she was fired for being disabled despite her doing satisfactory work and never being reprimanded or warned prior to her termination.


## AS AND FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

45.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

46.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

47.     Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

48.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wage Violations

49.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

50.     The minimum wage provisions set forth in the New York Labor Law, and its supporting regulations, apply to Defendants and protect Plaintiff.

51.     Defendants have willfully failed to pay Plaintiff the New York State minimum wage for each hour worked.

52.     Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, et seq., and its supporting regulations.

53.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

54.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated here.

55.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

56.     Defendants have failed to pay Plaintiff overtime wages at time and a half for hours that she worked over 40 hours in a work-week.

57.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover such

amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the FLSA.

58.      Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

59.      Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**

60.      Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

61.      The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

62.      Defendants have failed to pay Plaintiff overtime wages to which she is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

63.      By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per work week, they willfully violated NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

64.      Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

65.      Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.   Defendants were or should have been aware that the practices described in this

9

Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law Article 19 – Spread-of-Hours Pay

66.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

67.     Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which she worked more than 10 hours.

68.     By Defendants' failure to pay Plaintiff spread-of-hours, Defendants have willfully violated NYLL Art. 19 §§ 650 et seq., and the supporting New York State Department of Labor regulations.

69.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

## AS AND FOR A SIXTH CAUSE OF ACTION
### New York Labor Law Article 19 – Recordkeeping Violations

70.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

71.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 et seq., and supporting regulations.

72.     As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be

determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and

post- judgment interests, attorneys' fees, costs, and other compensation pursuant to FLSA.

73.     Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional. Defendants were aware or should have been aware that the practices described

in this Complaint are unlawful. Defendants have not made a good faith effort to comply

with the NYLL with respect to recordkeeping.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Violation of New York Labor Law Article 6, § 198-c**

74.     Plaintiff repeats and re-alleges each and every allegation contained herein above

with the same force and effect as if fully stated hereat.

75.     Defendants had an obligation to pay Plaintiff for the overtime hours she worked.

76.     Defendants failed, neglected, and refused to pay the amounts necessary to Plaintiff

within thirty days after such payments were required to be made.

77.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from

Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees,

costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

78.     Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional.     Defendants were or should have been aware that the practices described in

this Complaint are unlawful. Defendants have not made a good faith effort to comply with

the NYLL with respect to the compensation of Plaintiff.

### AS AND FOR AN EIGHT CAUSE OF ACTION
**Disability Discrimination in Violation of Executive Law § 296, et seq.**

79.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

80.     Defendants violated the Executive Law § 296, et seq., by engaging in, perpetuating and permitting supervisory and decision-making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating if not the only factor.

81.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

82.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A NINTH CAUSE OF ACTION
### Retaliation in Violation of Executive Law § 296, et seq.

83.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

84.     Defendants violated Executive Law §296, et seq. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

85.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

86.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A TENTH CAUSE OF ACTION
### Disability Discrimination in Violation of Administrative Code § 8-107, et seq.

87.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

88.     Defendants violated the Administrative Code § 8-107, et seq., by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating, if not the only factor.

89.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

90.     As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

91.     As a result of the outrageous, wanton, malicious and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### Retaliation in Violation of Administrative Code § 8-107, et seq.

92.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

93.      Defendants violated Administrative Code § 8-107, et seq. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

94.      As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

95.      Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

96.      As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gloria Kim prays that this Court award Plaintiff:

i.  Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to FLSA and the supporting United States Department of Labor regulations;

ii.  Unpaid overtime wages pursuant to NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art, 19, § 663;

iii.  A declaratory judgment declaring that the practices and policies complained of in this Complaint are unlawful under FLSA and NYLL Art. 19 §§ 650 et seq., and the supporting United States Department of Labor and New York State Department of Labor regulations;

iv.  Equitable relief of back pay, salary and fringe benefits in an exact amount to be determined at trial;

v.  Full compensation damages under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, et seq.;

vi.  Full liquidated and punitive damages as allowed under the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, et seq.;

vii.  Pre-judgment and post-judgment interests;

viii.  A declaratory judgment declaring that the acts and practices complained of herein are in violation of the Executive Law and the Administrative Code;

ix.  An amount to be determined at trial of lost compensation, back-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages; J. Such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

x.  Cost of prosecuting this action and for reasonable attorneys' fees; and

xi.  Such other and further relief as this Court deems just and proper.


Respectfully submitted,


Dated: September 14, 2023


                        _/s/ Ryan Kim_____
                        Ryan J. Kim

                        Ryan J. Kim, Esq.
                        Ryan Kim Law
                        222 Bruce Reynolds Blvd
                        Suite 490
                        Fort Lee, NJ 07024
                        ryan@RyanKimLaw.com